and that said value is 33 English pounds sterling each, less 20 per centum packed. As to any other merchandise, the appeals are dismissed.

Judgment will issue accordingly.

(Reap. Dec. 9258)

DAIICHI BUSSAN KAISHA, LTD. *v.* UNITED STATES

Entry No. 940980.

(Decided November 24, 1958)

*Myron Goldman* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

RAO, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for the respective parties, subject to approval of the Court, that at the time of the exportation of the Cotton Broadcloth Combination Ladies Skirts and Blouses, involved in the above reappraisement, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the Country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at U. S. $12.87 per dozen, net packed.

It is further stipulated and agreed that there was no higher foreign value for the said merchandise at the time of exportation thereof.

It is further stipulated that this case may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was United States $12.87 per dozen, net packed.

Judgment will be entered accordingly.

(Reap. Dec. 9259)

DAIICHI BUSSAN KAISHA, LTD. *v.* UNITED STATES

Entry No. 945052.

(Decided November 24, 1958)

*Myron Goldman* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

RAO, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for the respective parties, subject to approval of the Court, that at the time of the exportation of the Cotton Broadcloth Combination Ladies Skirts and Blouses, involved in the above reappraisement, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the Country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at U. S. $12.87 per dozen, net packed.

It is further stipulated and agreed that there was no higher foreign value for the said merchandise at the time of exportation thereof.

It is further stipulated that this case may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was United States $12.87 per dozen, net packed.

Judgment will be entered accordingly.

(Reap. Dec. 9260)

J. OSSOLA CO., INC., ET AL. v. UNITED STATES

Entry No. 814068, etc.

(Decided November 24, 1958)

Lane, Young & Fox (William Whyman of counsel) and Barnes, Richardson & Colburn (E. Thomas Honey and Hadley S. King of counsel) for the plaintiffs.

George Cochran Doub, Assistant Attorney General (Daniel I. Auster, trial attorney), for the defendant.

DONLON, Judge: The appeals to reappraisement listed in schedule A, attached to and made a part of this decision, have been consolidated with reappraisement 281439–A. That appeal was submitted on a stipulation of facts. Briefs were filed on the issue of law.

As to each of the other appeals, counsel for importers have represented that the facts, in all material respects, and the issue of law are the same as in reappraisement 281439–A. Defendant stated in open court both its consent to suspension of these appeals under reappraisement 281439–A and its objection to consolidation with that appeal. By consent to suspension, defendant is understood to represent, under rule 16, that a common issue of law is involved in the cases. Rule 38 empowers the court to order consolidation of actions involving a common question of law, and this was done.